CAROLINA SPIRITS, INC., Plaintiff v. THE CITY OF RALEIGH, Defendant

No. COA97-25

(Filed 18 November 1997)

**Declaratory Judgment Actions § 8 (NCI4th)— 1977 ordinance—adult establishment—definition changed—1977 meaning moot**

There was no real controversy between the parties and the trial court was without jurisdiction to adjudicate the issue presented where plaintiff owned and operated a nightclub which featured female impersonators and sought a declaratory judgment against enforcement of a 1977 ordinance prohibiting operation of one adult establishment within 1200 feet of another. The 1977 def-

inition of "adult establishment" has been replaced and the meaning of "adult establishment" as defined by the 1977 ordinance is moot. The meaning of "adult establishment" in the context of the current statute was not before the appellate court.

Appeal by defendant from judgment dated 6 November 1996 by Judge Howard E. Manning, Jr. in Wake County Superior Court. Heard in the Court of Appeals 17 September 1997.

*Tharrington Smith, by Randall M. Roden and E. Hardy Lewis, for plaintiff appellee.*

*City Attorney Thomas A. McCormick, by Associate City Attorney Dorothy K. Woodward, for defendant appellant.*

GREENE, Judge.

The City of Raleigh (City) appeals from a judgment (entered pursuant to a declaratory judgment complaint filed by Carolina Spirits, Inc. (plaintiff)) directing it not to enforce a provision of an ordinance adopted by the City in 1977 that prohibited the operation of an "adult establishment" within 1,200 feet of another adult establishment.

The plaintiff owns and operates a nightclub named "Legends" which features female impersonations. On 1 April 1996 the City issued a citation to the plaintiff alleging that the plaintiff was operating an "adult establishment" in violation of an ordinance of the City. On 8 April 1996, the plaintiff paid, under protest, a $50.00 fine for the violation. On 20 May 1996 the plaintiff filed a request for a declaratory judgment.

The 1977 ordinance defines an "adult establishment" as "[a]ny place contained in N.C.G.S. § 14-202.10(b) including adult cabaret(s)." Raleigh, N.C. Ordinance 647 TC 71 (Nov. 1, 1977). This ordinance was amended several times after 1977 and at the time the complaint in this action was filed (and the citation issued) the definition of "adult establishment" had been changed to read as follows: "[a]dult cabarets, adult media centers, and any place contained in G.S. 14-202.10(b), excluding masseurs." Raleigh, N.C., Code § 10-2002 (1996). The plaintiff, however, based its request for the declaratory judgment on the definition of "adult establishment" as it read in the 1977 ordinance and the trial court declared the rights of the parties within the context of the 1977 definition of "adult establishment."

The dispostive issue is whether, at the time the complaint was filed, there existed a real controversy between the parties with respect to the meaning of "adult establishment" within the context of the 1977 ordinance.

"[A]n action for a declaratory judgment will lie only in a case in which there is an actual or real existing controversy between parties having adverse interests in the matter in dispute." *Adams v. Dept. of N.E.R* and *Everett v. Dept. of N.E.R.*, 295 N.C. 683, 703, 249 S.E.2d 402, 413-4 (1978) (quoting *Lide v. Mears*, 231 N.C. 111, 118, 56 S.E.2d 404, 409, (1949). "[T]he sound principle that judicial resources should be focused on problems which are real and present rather than dissipated on abstract, hypothetical or remote questions is fully applicable to the Declaratory Judgment Act." *Adams*, 295 N.C. at 703, 249 S.E.2d at 414. A court, therefore, cannot construe a statute in a declaratory judgment action if the statute has been repealed and if an interpretation of that statute would be moot. 22A Am. Jur. 2d *Declaratory Judgments* § 88 (1988).

In this case, the plaintiff requested a declaration of its rights under the 1977 version of the ordinance defining "adult establishment" and the trial court's judgment declared the rights of the parties within the context of the 1977 ordinance. In fact, at the time the complaint was filed (and at the time the plaintiff was cited by the City for violation of the ordinance) the 1977 definition of "adult establishment" had been replaced by a similar yet different definition. Thus, at the time the complaint was filed there did not exist an actual or real controversy with respect to the meaning of "adult establishment" as defined in the 1977 version of the ordinance. The plaintiff was not at that time, nor could it be in the future, subject to regulation under an ordinance (or provision thereof) that was no longer valid. Simply put, the meaning of "adult establishment" as it was defined by the ordinance in 1977 is moot and the trial court, therefore, was without jurisdiction to adjudicate the issue presented.

We are aware that there may indeed be a present and real controversy between these parties with respect to the meaning of "adult establishment" in the context of the current statute but that issue is not before this Court. Not until the trial court declares the rights of the parties with respect to the new ordinance would that question be ripe for review in this Court. *See Harris v. Harris*, 307 N.C. 684, 690, 300 S.E.2d 369, 374 (1983).

Vacated.

Judges JOHN and TIMMONS-GOODSON concur.