KATHERINE T. LANGE v. DAVID R. LANGE

No. 270A03

(Filed 5 December 2003)

**Appeal and Error; Judges— mootness—recusal of judge who subsequently retired**

An order entered by one district court judge that required the recusal of a trial judge and ordered a new hearing in a custody modification proceeding was not rendered moot by the recused judge's retirement and the case is remanded to the Court of Appeals for a determination of the appeal on the merits and in accordance with this opinion, because a decision on the merits will have a practical effect on the controversy because (1) the trial judge's retirement after he announced his decision but before he signed the final order triggered the "substituted judge" provisions of N.C.G.S. § 1A-1, Rule 63; and (2) a Court of Appeals decision reversing the recusal order will give the substituted judge the discretion either to enter the retired judge's order or to hold a new custody modification order, while a Court of Appeals decision affirming the recusal order will require the substituted judge to hold a new hearing and enter a new order.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 157 N.C. App. 310, 578 S.E.2d 677 (2003), dismissing as moot an appeal from an order entered 4 October 2001 by Judge William A. Christian in District Court, Mecklenburg County. Heard in the Supreme Court 17 November 2003.

LANGE v. LANGE

[357 N.C. 645 (2003)]

*Reid, Lewis, Deese, Nance & Person, L.L.P., by Renny W. Deese, for plaintiff-appellee.*

*James, McElroy & Diehl, P.A., by William K. Diehl, Jr., Katherine S. Holliday, and Preston O. Odom, III, for defendant-appellant.*

LAKE, Chief Justice.

This appeal arises from an order entered by Judge William A. Christian requiring the recusal of Judge William G. Jones and ordering a new hearing in a custody modification proceeding involving the parties. The Court of Appeals dismissed as moot defendant's appeal of the recusal order, over Judge Calabria's dissent, because Judge Jones retired subsequent to entry of the recusal order but before the appeal was heard. For the reasons stated herein, we hold that the appeal was not rendered moot by Judge Jones' retirement. We therefore remand this case to the Court of Appeals for a determination of the appeal on the merits and in accordance with this opinion.

On 16 November 1998, in District Court, Mecklenburg County, Judge William G. Jones entered an order settling issues regarding child custody, visitation, and child support. Pursuant to the order, the parties were to share legal custody of their two children. Plaintiff, Katherine Lange, was given primary physical custody, and a visitation schedule was established for defendant, David Lange.

On 23 March 2000, plaintiff filed a motion to modify the custody arrangement because she planned to move to another city with the children. Defendant filed a response seeking primary physical custody in the event plaintiff moved to another city. A custody modification hearing was held before Judge Jones, the same judge that entered the original custody order.

On 30 June 2000, Judge Jones sent a letter to the parties which announced his decision in favor of defendant and requested defendant's attorney, Katherine Holliday, to prepare the order. The attorneys for both parties consulted several times regarding the exact wording of the order. Just prior to Judge Jones' signing the final order, plaintiff's attorney informed Judge Jones and Katherine Holliday that he planned to file a motion to recuse Judge Jones on the basis that Judge Jones and Katherine Holliday jointly owned, with others, vacation property in the mountains of North Carolina. Judge Jones delayed signing the custody modification order pending the outcome of the recusal hearing.

## LANGE v. LANGE

[357 N.C. 645 (2003)]

Plaintiff filed a recusal motion, and a hearing was held before Judge William A. Christian. On 4 October 2001, Judge Christian entered an order in which he concluded that Judge Jones had not violated any provision of the North Carolina Code of Judicial Conduct. Judge Christian also concluded that no evidence existed of any bias or partiality by Judge Jones towards either party in the case. Despite these conclusions of law, Judge Christian ordered that Judge Jones be recused because the relationship between Judge Jones and Katherine Holliday was such that it "would cause a reasonable person to question whether the Honorable William G. Jones could rule impartially" in the matter. Finally, Judge Christian ordered that plaintiff was entitled to a new hearing on her motion for custody modification. Defendant filed a timely notice of appeal from Judge Christian's order. Plaintiff cross-appealed from Judge Christian's conclusion that Judge Jones did not violate the North Carolina Code of Judicial Conduct.

Judge Jones retired prior to the Court of Appeals hearing this matter on appeal. As a result of his retirement, the Court of Appeals' majority dismissed the case as moot. The Court of Appeals held that because Judge Jones could no longer preside over any further hearing or sign the custody modification order, a new judge would have to consider the matter anew, thus making moot all issues on appeal.

A case is considered moot when "a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." *Roberts v. Madison Cty. Realtors Ass'n*, 344 N.C. 394, 398-99, 474 S.E.2d 783, 787 (1996). Courts will not entertain such cases because it is not the responsibility of courts to decide "abstract propositions of law." *In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978), *cert. denied*, 442 U.S. 929, 61 L. Ed. 2d 297 (1979). Conversely, when a court's determination can have a practical effect on a controversy, the court may not dismiss the case as moot. Given the circumstances of this case, a decision on the merits of the parties' appeal will have a practical effect on the controversy. Therefore, the Court of Appeals erred by dismissing the appeal as moot.

Putting the issue of Judge Jones' recusal aside for a moment, his retirement triggers Rule 63 of the North Carolina Rules of Civil Procedure. Rule 63 provides:

If by reason of death, sickness or other disability, resignation, retirement, expiration of term, removal from office, or other reason, a judge before whom an action has been tried or a hearing has been held is unable to perform the duties to be performed by the court under these rules after a verdict is returned or a trial or hearing is otherwise concluded, then those duties, including entry of judgment, may be performed:

. . . .

(2) In actions in the district court, by the chief judge of the district, or if the chief judge is disabled, by any judge of the district court designated by the Director of the Administrative Office of the Courts.

If the substituted judge is satisfied that he or she cannot perform those duties because the judge did not preside at the trial or hearing or for any other reason, the judge may, in the judge's discretion, grant a new trial or hearing.

N.C.G.S. § 1A-1, Rule 63 (2001). In general, the application of Rule 63 presents the "substituted judge" with two options in how to proceed. The judge could choose to honor Judge Jones' decision in the matter, and enter Judge Jones' order as written. In the alternative, the judge could choose to grant a new trial or hearing for the parties. Thus, application of Rule 63 gives the "substituted judge" discretion in determining how to proceed.

If the Court of Appeals determines that Judge Christian erred in entering his order recusing Judge Jones from the parties' case, the matter will be remanded to the trial court for further proceedings in accordance with Rule 63. In such circumstance, the newly assigned judge will have the discretion either to enter Judge Jones' order or to hold a new custody modification hearing.

However, if Judge Christian's recusal order is affirmed on appeal, Rule 63 has no application in that Judge Jones was properly recused before he retired. In such case, the newly assigned judge will have no discretion in how to proceed in that a new hearing will be held and a new order entered. Therefore, affirming Judge Christian's recusal order will have the effect of eliminating any discretion a judge may have to enter Judge Jones' custody modification order.

Given these options, a decision by the Court of Appeals on the merits of the parties' appeal will indeed have a practical effect on the

**LANGE v. LANGE**

[357 N.C. 645 (2003)]

existing controversy. Therefore, the issue is not moot, and the Court of Appeals erred in dismissing the parties' appeal.

Because the Court of Appeals will be reviewing the merits of the parties' appeal regarding Judge Christian's recusal order, we deem it appropriate to reiterate the standard for recusal. This Court has previously held that " 'the burden is upon the party moving for disqualification to demonstrate objectively that grounds for disqualification actually exist. Such a showing must consist of substantial evidence that there exists such a personal bias, prejudice or interest on the part of the judge that he would be unable to rule impartially.' " *State v. Scott*, 343 N.C. 313, 325, 471 S.E.2d 605, 612 (1996) (quoting *State v. Fie*, 320 N.C. 626, 627, 359 S.E.2d 774, 775 (1987)). Thus, the standard is whether "grounds for disqualification actually exist."

In this case, Judge Christian made specific findings of fact and conclusions of law that Judge Jones did not violate the Code of Judicial Conduct by his actions in this case and that there was no evidence of any bias by Judge Jones. Nevertheless, Judge Christian then went on to conclude that Judge Jones should be recused because a reasonable person could question his ability to rule impartially. Judge Christian's ruling was based on inferred perception and not the facts as they were found to exist. On remand, the Court of Appeals should apply the standard as it has been previously set out by this Court. If the Court of Appeals determines that Judge Christian's findings were supported by the evidence and that, in fact, Judge Jones did not violate the Code of Judicial Conduct, it should conclude that Judge Christian erred by ordering Judge Jones' recusal. However, if the Court of Appeals determines that Judge Christian's conclusion that Judge Jones did not violate the Code of Judicial Conduct is not supported by the evidence, then the Court of Appeals should remand for further proceedings in accordance with its holding.

The opinion of the Court of Appeals dismissing as moot defendant's appeal of the recusal order is, therefore, vacated and this case is remanded to that court for determination of the appeal on the merits and in accordance with this opinion.

VACATED AND REMANDED.