CITIZENS ADDRESSING REASSIGNMENT AND EDUCATION, INC., JADE JOHN LITCHER AND ELIZABETH LEE HANER, PLAINTIFFS v. WAKE COUNTY BOARD OF EDUCATION, DEFENDANT

No. COA06-105

(Filed 20 March 2007)

**1. Appeal and Error— preservation of issues—failure to submit supporting authority—assignment of error abandoned—merits presented in oral argument**

An assignment of error concerning the trial court's holding of mootness was abandoned by the failure to submit supporting authority or to address the issue. Nevertheless, the merits of the matter as brought out in oral argument were considered.

**2. Injunction— mootness—act nearly completed**

An injunction and a writ of mandamus to stop modular school construction which was substantially complete would only attempt to stop that which has already been done; plaintiffs' claims were moot.

CITIZENS ADDRESSING REASSIGNMENT & EDUC., INC. v. WAKE CTY. BD. OF EDUC.

[182 N.C. App. 241 (2007)]

**3. Declaratory Judgments— mootness—action to stop school construction—building open—no practical effect on controversy**

An action seeking a declaratory judgment that the construction of a modular school on leased property violates statutes was moot where the school was operating and plaintiffs did not seek closure of the facility. A legal determination declaring the building unlawful would have no practical effect on the controversy.

**4. Schools and Education— statute involving school erection—not applicable to lease**

A claim that a lease was void and for an injunction prohibiting further lease payments was properly dismissed by the trial judge. The claim was based on a statute involving the erection of school buildings, but this is merely a contract to lease land.

**5. Appeal and Error— legal basis for awarding relief—required**

The trial court cannot be reversed when a legal basis for awarding relief is not presented; it is not the role of the appellate courts to create an appeal. Here, the trial judge's dismissal of a claim regarding repayment of funds spent for building a modular school was upheld where appellants did not provide the required legal basis, even in oral argument.

**6. Injunction— intent to commit future acts—evidence not sufficient**

The court's injunctive power is not authorized by completed acts and past occurrences in the absence of evidence of intent to commit future acts. The trial judge's decision to deny an injunction forbidding future contracts by a board of education to build modular schools on leased property was upheld since there was no assignment of error to the finding that there was no evidence of planning of such a school.

Judge JACKSON concurring in part and dissenting in part.

Appeal by plaintiffs from order entered 11 August 2005 by Judge Wade Barber, Jr. in Wake County Superior Court. Heard in the Court of Appeals 16 August 2006.

CITIZENS ADDRESSING REASSIGNMENT & EDUC., INC. v. WAKE CTY. BD. OF EDUC.

[182 N.C. App. 241 (2007)]

*Schiller & Schiller, PLLC, by Marvin Schiller, David G. Schiller, and Kathryn H. Schiller, for plaintiffs-appellants.*

*Tharrington Smith, L.L.P., by Kenneth A. Soo, Neal A. Ramee and Ann L. Majestic, for defendant-appellee.*

GEER, Judge.

Plaintiffs Citizens Addressing Reassignment and Education, Inc., Jade John Litcher, and Elizabeth Lee Haner filed suit to block defendant, the Wake County Board of Education ("the Board"), from building a modular school on property leased from the National Alumni Association of Dubois High School ("the Association"). Plaintiffs appeal from an order of the superior court granting the Board's motion to dismiss plaintiffs' claims on the grounds of mootness and laches. Since the school has already been opened, we agree with the trial court that most of plaintiffs' claims are moot. As to those claims that are not moot, plaintiffs have failed to state a claim for relief, and, therefore, we affirm.

## Facts

The facts of this case are essentially undisputed. In an effort to alleviate school overcrowding, the Wake County Board of Commissioners, in November 2004, approved the opening of three modular elementary school facilities. These schools, scheduled to begin operating in August 2005, were to serve as temporary locations until the construction of permanent schools could be completed in 2006 and 2007. For one of the modular facilities—intended to hold approximately 500 students—the Board leased a parcel of Wake County real property ("the Dubois site") in March 2005 from the Association. The remaining two modular facilities were to be placed on land owned by the Board.

On 31 May 2005, plaintiffs sued the Board, alleging that the lease agreement and the Board's construction of the modular school on the leased Dubois site violated N.C. Gen. Stat. § 115C-521(d) (2005), which provides that "[l]ocal boards of education shall make no contract for the erection of any school building unless the site upon which it is located is owned in fee simple by the board[.]" Plaintiffs sought a declaratory judgment that the lease agreement was void; a permanent injunction and a writ of mandamus prohibiting the expenditure of any additional public funds for the construction of the modular facility on the leased premises; and an order requiring the Board

CITIZENS ADDRESSING REASSIGNMENT & EDUC., INC. v. WAKE CTY. BD. OF EDUC.

[182 N.C. App. 241 (2007)]

to repay to the Wake County Board of Commissioners all public funds spent on lease payments and the modular facility's construction, as well as any payments that were otherwise made in violation of N.C. Gen. Stat. § 115C-521(d).

The Board filed a motion to dismiss plaintiffs' claims on 7 July 2005. Following a 29 July 2005 hearing, the trial court dismissed plaintiffs' claims, concluding that they were both moot and barred by the doctrine of laches. With respect to mootness, the court found that, at the time of the hearing, "the modular school facility . . . was substantially complete. Staff will report to the school building on or about August 15, 2005, and students will report on August 25, 2005." Based on this finding, the court concluded that "[i]n view of the relief requested by plaintiffs and the substantial completion of the school facility . . ., the case before the [c]ourt is moot." Further, based on findings of fact relating to when plaintiffs first became aware of the likely use of the Dubois site, the timing of their efforts to block the construction of the school, and the expense incurred by the Board, the court "in its discretion, . . . determined that the principle of laches should be invoked because of the delay in bringing this suit and the substantial harm to the Board of Education, and especially to those students who are to attend the school at the Dubois site, that would result if an injunction were granted." Plaintiffs have timely appealed to this Court from the order granting the Board's motion to dismiss.

## Discussion

[1] Plaintiffs included 24 assignments of error in their record on appeal and, in those assignments of error, specifically challenged both the trial court's conclusion that their claims were moot as well as the court's determination that the doctrine of laches also barred their claims. In plaintiffs' brief, however, their entire argument with respect to mootness was limited to the following single paragraph:

The [c]ourt below erred in alternatively holding that the case is moot. [Citation to the trial court's order]. As demonstrated in the preceding six (6) [a]rguments, [plaintiffs] are entitled to the issuance of a declaratory judgment, permanent injunction and writ of mandamus regarding [the Board's] violation of the clear and plain language of N.C. Gen. Stat. § 115C-521(d).

Nowhere, however, in plaintiffs' "preceding six" arguments do they address mootness or cite to any authority pertaining to that principle. Moreover, plaintiffs have not submitted to this Court any mem-

CITIZENS ADDRESSING REASSIGNMENT & EDUC., INC. v. WAKE CTY. BD. OF EDUC.

[182 N.C. App. 241 (2007)]

orandum of additional authority, as permitted by N.C.R. App. P. 28(g), with respect to mootness.

In short, plaintiffs have submitted no authority in support of their contention that the trial court erred in concluding that their claims were moot. "Assignments of error not set out in the appellant's brief, *or in support of which no reason or argument is stated or authority cited*, will be taken as abandoned." N.C.R. App. P. 28(b)(6) (emphasis added). Plaintiffs have, therefore, abandoned their assignment of error to the trial court's dismissal of their claims based on mootness. *See Goodson v. P.H. Glatfelter Co.*, 171 N.C. App. 596, 606, 615 S.E.2d 350, 358 ("It is not the duty of this Court to supplement an appellant's brief with legal authority or arguments not contained therein. This assignment of error is deemed abandoned . . . ."), *disc. review denied*, 360 N.C. 63, 623 S.E.2d 582 (2005). Nevertheless, pursuant to our discretion under N.C.R. App. P. 2 (permitting suspension of appellate rules to "expedite decision[s] in the public interest"), we elect to suspend the appellate rules and reach the merits of plaintiffs' mootness contentions as brought out in oral argument.

[2] With respect to plaintiffs' efforts to obtain a permanent injunction and writ of mandamus prohibiting any additional expenditures for the modular school's construction, " '[i]t is quite obvious that a court cannot restrain the doing of that which has already been consummated.' " *Fulton v. City of Morganton*, 260 N.C. 345, 347, 132 S.E.2d 687, 688 (1963) (quoting *Austin v. Dare County*, 240 N.C. 662, 663, 83 S.E.2d 702, 703 (1954)). Although plaintiffs assigned error to the trial court's finding that as of "July 29, 2005, . . . the modular school facility . . . was substantially complete" and that "students will report on August 25, 2005," they have neither brought this assignment of error forward in their brief nor made any argument suggesting why it was not supported by competent evidence. This finding is, therefore, binding on appeal. *See In re P.M.*, 169 N.C. App. 423, 424, 610 S.E.2d 403, 404 (2005) (factual assignments of error binding on appeal when appellant "failed to specifically argue in her brief that they were unsupported by evidence"). Consequently, as a permanent injunction and writ of mandamus would only attempt to stop that which has already been done, plaintiffs' claims for relief on these issues are moot. *See Roberts v. Madison County Realtors Ass'n*, 344 N.C. 394, 402, 474 S.E.2d 783, 789 (1996) (courts may not issue injunctions to "prohibit [events] from taking place when [they] ha[ve] already occurred").

CITIZENS ADDRESSING REASSIGNMENT & EDUC., INC. v. WAKE CTY. BD. OF EDUC.

[182 N.C. App. 241 (2007)]

[3] Regarding plaintiffs' efforts to obtain a declaratory judgment that the construction of the modular school facility violates § 115C-521(d), actions filed under the Declaratory Judgment Act, N.C. Gen. Stat. §§ 1-253 through -267 (2005), are subject to traditional mootness analysis. *Carolina Spirits, Inc. v. City of Raleigh*, 127 N.C. App. 745, 747, 493 S.E.2d 283, 285 (1997), *disc. review denied*, 347 N.C. 574, 498 S.E.2d 380 (1998). "A case is considered moot when 'a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy.' " *Lange v. Lange*, 357 N.C. 645, 647, 588 S.E.2d 877, 879 (2003) (quoting *Roberts*, 344 N.C. at 398-99, 474 S.E.2d at 787). Typically, "[c]ourts will not entertain such cases because it is not the responsibility of courts to decide 'abstract propositions of law.' " *Id.* (quoting *In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978), *cert. denied*, 442 U.S. 929, 61 L. Ed. 2d 297, 99 S. Ct. 2859 (1979)). The disputed school is already operating, and plaintiffs do not seek closure of the facility. Therefore, a legal determination declaring the building unlawful would have no practical effect on the controversy. This issue presents only an abstract proposition of law for determination and is, therefore, also moot.

[4] As for plaintiffs' request for a declaratory judgment voiding the lease with the Association and for an injunction prohibiting future lease payments, we agree with plaintiffs that this issue is not necessarily moot. In seeking this relief, however, plaintiffs have relied upon an erroneous construction of N.C. Gen. Stat. § 115C-521(d).

Under this statute, "[l]ocal boards of education shall make no contract *for the erection* of any school building unless the site upon which it is located is owned in fee simple by the board[.]" N.C. Gen. Stat. § 115C-521(d) (emphasis added). Plaintiffs' contention that the lease with the Association violates this provision is contrary to the plain language of the statute. By its specific terms, the statute prohibits only contracts "for the erection" of school buildings. The lease agreement, however, is merely a contract to lease land.[1]

While the lease does state that the Board intended to use the Dubois site "for construction of an approximate 500 student modular school facility," this provision also specifies that "such use shall be undertaken in a manner that complies with applicable law as now or hereafter enacted or construed . . . ." Thus, even if plaintiffs are correct that erection of a modular facility on leased property violates N.C. Gen. Stat. § 115C-521(d)—an issue on which we express no opin-

---

1. A copy of the lease was attached to plaintiffs' complaint.

CITIZENS ADDRESSING REASSIGNMENT & EDUC., INC. v. WAKE CTY. BD. OF EDUC.

[182 N.C. App. 241 (2007)]

ion—nothing in the lease requires, or even permits, the Board to engage in conduct that would violate that statute.

The agreement with the Association is addressed only to standard landlord and tenant issues, including the duration of the tenant's leasehold, rent, and the obligations of the landlord and tenant. It contains no terms relating to the actual erection of any building. The statute at issue, however, does not prohibit leasing property; it prohibits the erection of a building. Accordingly, plaintiffs' claims seeking a declaration that the lease was void and an injunction prohibiting further lease payments were, therefore, properly dismissed.

Plaintiffs also sought, in their prayer for relief, an order that the Board "repay to the Board of Commissioners of Wake County all public funds that were expended for lease payments and expended for the purpose of building, constructing or erecting of any public school building on the leased [p]remises, and any other payment which were [sic] made in violation of N.C. Gen. Stat. § 115C-521(d)." In oral argument, plaintiffs contended, with respect to the lease payments, that this remedy was not barred as moot. Our determination that the lease did not violate § 115C-521(d), however, disposes of this contention.

[5] As for repayment of other funds expended, plaintiffs did not, even in oral argument, provide any legal basis for requiring the Board to repay to Wake County funds spent on the building of the modular school building. Without plaintiff presenting a legal basis for awarding such relief, we cannot reverse the trial court. As our Supreme Court has stressed, "[i]t is not the role of the appellate courts . . . to create an appeal for an appellant." *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005) (per curiam).

[6] Finally, plaintiffs sought a permanent injunction prohibiting the Board from making similar purportedly illegal contracts in the future. It is, however, well established that "[c]ompleted acts and past occurrences in the absence of any evidence tending to show an intention on the part of the defendants to [commit future violations], will not authorize the exercise of the court's injunctive power." *State ex rel. Bruton v. Am. Legion Post*, 256 N.C. 691, 693, 124 S.E.2d 885, 886-87 (1962). Plaintiffs have not assigned error to the trial court's following finding of fact: "There was no evidence presented to demonstrate [the Board] currently is planning or installing any other school facility on leased property and such is not at issue in this case. There was no evidence that the Board of Education has previously installed a

CITIZENS ADDRESSING REASSIGNMENT & EDUC., INC. v. WAKE CTY. BD. OF EDUC.

[182 N.C. App. 241 (2007)]

school facility on leased property." This finding of fact, binding on appeal, supports the trial court's decision not to grant a permanent injunction barring future contracts by the Board potentially in violation of N.C. Gen. Stat. § 115C-521(d).

In sum, each of plaintiffs' claims is either moot or otherwise meritless. Because of our resolution of this appeal, we need not address the trial court's determination that plaintiffs' claims are barred by laches.

Affirmed.

Judge CALABRIA concurs.

Judge JACKSON concurs in part and dissents in part in a separate opinion.

JACKSON, Judge concurring in part and dissenting in part.

I concur with the majority's conclusion that the issue of plaintiffs' request for a declaratory judgment that the construction of the modular school facility violates section 115C-521(d) is moot. However, for the reasons stated below, I believe the majority unnecessarily addressed plaintiffs' request for a declaratory judgment voiding the lease with the Association and for an injunction prohibiting future leases. I would hold the trial court properly found the doctrine of laches to be applicable, and that these issues are moot due to the passage of time.

"In equity, where lapse of time has resulted in some change in the condition of the property or in the relations of the parties which would make it unjust to permit the prosecution of the claim, the doctrine of laches will be applied." *Teachey v. Gurley*, 214 N.C. 288, 294, 199 S.E. 83, 88 (1938). Thus, a determination of whether a delay constitutes laches will depend upon the facts and circumstances of the specific case. *Id.*

When laches is raised, an appellate court faces "a three-fold question: (1) Do the pleadings, affidavits and exhibits show any dispute as to the facts upon which defendants rely to show laches on the part of plaintiffs? (2) If not, do the undisputed facts, if true, establish plaintiffs' laches? (3) If so, is it appropriate that defendants' motion for summary judgment, made under G.S. 1A-1, Rule 56(b), be granted?"

CITIZENS ADDRESSING REASSIGNMENT & EDUC., INC. v. WAKE CTY. BD. OF EDUC.

[182 N.C. App. 241 (2007)]

*Save Our Schools of Bladen Cty. v. Bladen Cty. Bd. of Educ.*, 140 N.C. App. 233, 236, 535 S.E.2d 906, 909 (2000) (quoting *Taylor v. City of Raleigh*, 290 N.C. 608, 621, 227 S.E.2d 576, 584 (1976)).

Here, the basic facts of the case are undisputed. The Wake County Board of Education first publicized the possibility of placing a modular school facility on the DuBois property in January 2005 when it requested that the Wake County Board of Commissioners approve a three year lease of the DuBois site. On 1 March 2005, the Board executed a two year lease for the installation of the modular school facility at the DuBois site. However, plaintiffs did not initiate the instant action until three months after the subject lease was signed, and just over two months before the school was set to begin operation in the modular buildings on the leased property. A final judgment in the action was rendered at a hearing held 29 July 2005, and plaintiffs filed their Notice of Appeal one month later on 29 August 2005. The record on appeal was settled and filed with this Court on 23 January 2006, several months after children began attending school on the premises, and almost ten months after defendant began paying rent on the leased realty. The instant case was not argued before this Court until 16 August 2006. By this time, defendant had entered into the second year of the two year lease agreement, and again, children were preparing to begin a new school year at the site. In addition, by the time this opinion is rendered, only three to four months will remain in the 2006-07 school year.

At no time did plaintiffs make any effort to expedite our review of this matter. Plaintiffs failed to file any motions or petitions with this Court asking us to review the substantive issues of the case in an expedited time frame in order for the parties to receive a resolution to the matter in a timely fashion. Rule 2 of our appellate rules specifically provides that this Court may suspend or vary the appellate rules and their requirements "[t]o prevent manifest injustice to a party, or *to expedite decision in the public interest.*" N.C. R. App. P. 2 (emphasis added). While this Court may invoke Rule 2 upon our own initiative, a party also is entitled to ask this Court to invoke the Rule, *see* N.C. R. App. P. 2, however plaintiffs never attempted to do so in this case. Based upon these facts, I would hold that the undisputed facts of the case establish laches, which serves as a bar to plaintiffs' claims given that they knew of the existence of the grounds for their claim as early as March, if not January, of 2005, but chose to take no action. *See Save Our Schools*, 140 N.C. App. at 236, 535 S.E.2d at 909.

In addition, as cited by the majority, "[a] case is considered moot when 'a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy.' " *Lange v. Lange,* 357 N.C. 645, 647, 588 S.E.2d 877, 879 (2003) (quoting *Roberts v. Madison County Realtors Assn.,* 344 N.C. 394, 398-99, 474 S.E.2d 783, 787 (1996)). In the instant action, there remain only a few months on the lease at issue. Our rendering the lease void at this time would have little practical effect on the existing controversy, as the lease likely would expire before the children and modular buildings could be moved from the property. This could not be done without great expense, which would contradict plaintiffs' purposes in filing the instant action. "It is quite obvious that a court cannot restrain the doing of that which has been already consummated." *Austin v. Dare County,* 240 N.C. 662, 663, 83 S.E.2d 702, 703 (1954). As defendant already has entered into, and effectively performed a majority of the lease agreement in question, this Court may not now render a decision on the validity of the lease.

For these reasons, I would decline to address the issues of plaintiffs' request for a declaratory judgment voiding the lease with the Association and for an injunction prohibiting future lease payments, as these issues are now moot.