HUGH D. HINDMAN, JEFFREY A. BUTTS, AND PAUL H. GATES, Plaintiffs
v. APPALACHIAN STATE UNIVERSITY, AND THE BOARD OF TRUSTEES OF APPALACHIAN STATE UNIVERSITY, BOARD OF GOVERNORS OF THE UNIVERSITY OF NORTH CAROLINA, Defendants

No. COA11-1229

(Filed 20 March 2012)

**Appeal and Error—mootness—breach of contract—no claim seeking to redress an active harm**

Plaintiffs' appeal in an action arising from an alleged breach of contract was dismissed as moot where plaintiffs made no claim seeking to redress an active harm. Even if the trial court were to have entered a judgment declaring that the defendants had breached the employment contracts of plaintiffs, such judgment could not have had any practical effect, in light of the fact that the breach was in the past, was not alleged to be likely to recur, was the only redress plaintiffs sought, and plaintiffs were barred from bringing further action on this same claim or issue.

Appeal by plaintiffs from order entered 15 June 2011 by Judge Bradley B. Letts in Superior Court, Watauga County. Heard in the Court of Appeals 23 February 2012.

*Tin Fulton Walker & Owen, PLLC, by John W. Gresham, for plaintiffs-appellants.*

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Norma S. Harrell, for defendants-appellees.*

STROUD, Judge.

Plaintiffs appeal a trial court order allowing summary judgment in favor of defendants. As this case is moot, we affirm.

## I. Background

On or about 10 February 2011, defendant filed a complaint alleging:

> 7. The Plaintiffs[, all tenured Professors at Appalachian State University,] and other university faculty members who were similarly situated fulfilled all of the duties set out in their contracts for the 2008-2009 academic year.

> 8. The Defendants failed to pay the salary set out in Plaintiffs' contracts as well as the salaries of other university faculty members who entered into identical contracts, reducing the agreed upon salary by 0.5%.

> 9. The Defendants have asserted that the failure to pay the agreed upon salaries was the result of an Executive Order by the Governor that required the pay of Plaintiffs to be reduced by 0.5%.

> 10. The Executive Order purported to provide Plaintiffs and the other similarly situated university faculty members with ten (10) hours of "flexible time off" in lieu of the [sic] their salary.

> 11. Neither the Plaintiffs nor the similarly situated faculty members received any such flexible time off in lieu of their reduced salary.

> 12. At the time that the Defendants failed to pay the salaries set out in the contracts of Plaintiffs and the similarly situated faculty members, the Plaintiffs and the other similarly situated faculty members had already fully performed all of the services they were obligated to perform under the terms of their contracts.

Plaintiffs brought a cause of action for breach of contract and requested "a declaratory judgment to establish that the Defendants have breached the employment contracts of the Plaintiffs and other faculty members who are similarly situated[.]" Plaintiffs did not seek any damages or any form of relief or redress for the alleged breach of contract. On 20 March 2011, defendants filed an answer, defenses, and a motion to dismiss; defendants raised defenses of sovereign immunity as well as mootness in their motion to dismiss. As to mootness, defendants alleged that "[p]laintiffs' claim should be dismissed pursuant to N.C.G.S. § 1A-1, Rules 12(b)(1) and (6) on the grounds that it is moot and that plaintiffs have made no claim seeking to

redress an active harm." On 11 May 2011, defendants filed another motion to dismiss, which restated the defenses raised in the answer, and a motion for summary judgment. On or about 20 May 2011, plaintiffs filed a motion for summary judgment. On 15 June 2011, the trial court entered a brief order denying defendants' motion to dismiss and plaintiffs' motion for summary judgment and allowing defendants' motion for summary judgment; the order does not state the basis for any of its rulings. Plaintiffs appeal.

## II. Mootness

Defendants filed a motion to dismiss plaintiffs' suit pursuant to N.C. Gen. Stat. § 1A-1, Rules 12(b)(1) and (6) because it was moot; the trial court denied this motion to dismiss. Defendants did not appeal from the denial of their motions to dismiss.[1] Plaintiffs' appeal only raises issues as to the trial court's allowance of defendants' motion for summary judgment. Despite the absence of appeal as to the trial court's denial of the motion to dismiss both as to sovereign immunity and mootness, both parties have argued these issues before this Court. It is essentially impossible to discern the trial court's rationale for its denial of defendants' motions to dismiss and allowance of defendants' motion for summary judgment, as there could be several possible reasons for this ruling; however, even if the trial court's rationale for its order was wrong, "[i]f the granting of summary judgment can be sustained on any grounds, it should be affirmed on appeal. If the correct result has been reached, the judgment will not be disturbed even though the trial court may not have assigned the correct reason for the judgment entered." *Shore v. Brown*, 324 N.C. 427, 428, 378 S.E.2d 778, 779 (1989). Here, although the trial court failed to state any reason for its ruling, we will first consider whether the order should be affirmed because plaintiffs' claims are moot.

Summary judgment can be granted based upon an affirmative defense raised by the defendant "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law," *Save Our Schools of Bladen Cty. v. Bladen Cty. Bd. of Educ.*, 140 N.C. App. 233, 237, 535 S.E.2d 906, 910 (2000) (citation and quo-

---

1. Although defendants filed two motions to dismiss, one in their answer filed on 28 March 2011 and one in a separate motion filed on 11 May 2011, the trial court's order does not differentiate between the two motions. However, as the motions raise the same defenses, it appears that the trial court's order denied both.

tation marks omitted). There is no dispute about the facts as to the relief sought by plaintiffs.

Although plaintiffs argue that a mere declaration of a past wrong is a sufficient basis for a declaratory judgment action, it is still true that

> actions filed under the Declaratory Judgment Act, N.C. Gen. Stat. §§ 1–253 through—267 (2005), are subject to traditional mootness analysis. A case is considered moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy. Typically, courts will not entertain such cases because it is not the responsibility of courts to decide abstract propositions of law.

*Citizens Addressing Reassignment and Educ., Inc. v. Wake Cty. Bd. of Educ.*, 182 N.C. App. 241, 246, 641 S.E.2d 824, 827 (2007) (citations, quotation marks, and brackets omitted), *disc. review denied*, 362 N.C. 234, 659 S.E.2d 438 (2008). Here, even if the trial court were to enter a judgment declaring "that the Defendants have breached the employment contracts of the Plaintiffs" it could not "have any practical effect[;]" *id.*, in light of the fact that this breach was in the past, is not alleged to be likely to recur, is the only redress plaintiffs seek, and plaintiffs are barred from bringing further action on this same claim or issue. *See generally Whitacre P'ship v. Biosignia, Inc.*, 358 N.C. 1, 15, 591 S.E.2d 870, 880 (2004) ("Under the doctrine of res judicata or claim preclusion, a final judgment on the merits in one action precludes a second suit based on the same cause of action between the same parties or their privies. . . . Under the companion doctrine of collateral estoppel, also known as estoppel by judgment or issue preclusion, the determination of an issue in a prior judicial or administrative proceeding precludes the relitigation of that issue in a later action, provided the party against whom the estoppel is asserted enjoyed a full and fair opportunity to litigate that issue in the earlier proceeding." (quotation marks omitted)). Accordingly, dismissal of plaintiffs' case was appropriate. *See generally Finance, Inc. v. Thompson*, 247 N.C. 143, 150, 100 S.E.2d 381, 386 (1957) ("It appearing that the value of the Chevrolet is less than the total of (1) the costs of this action, including the expenses of sale, (2) Robinson's first lien for $30.00, and (3) plaintiff's second lien for $796.38, we need not determine the academic question whether, upon the facts established by the verdict, Robinson has a lien as against Thompson for the balance (the amount in excess of $30.00) due on the repair bill."); *Bechtel v. Cent. Bank & Trust Co.*, 164 S.E. 338, 338 (N.C. 1932)

NEW HANOVER CTY. CHILD SUPPORT ENF'T EX REL. BEATTY v. GREENFIELD

[219 N.C. App. 531 (2012)]

("As the sale which the plaintiff seeks to enjoin has already taken place, there is nothing now to restrain, and the action was properly dismissed. It is not worth while to moot an academic question. Appeal dismissed." (citation omitted)); *Citizens Addressing Reassignment and Educ., Inc.*, 182 N.C. App. at 246, 641 S.E.2d at 827-28 ("The disputed school is already operating, and plaintiffs do not seek closure of the facility. Therefore, a legal determination declaring the building unlawful would have no practical effect on the controversy. This issue presents only an abstract proposition of law for determination and is, therefore, also moot.").

### III.  Conclusion

Because plaintiffs have presented only an academic question and this Court's ruling upon plaintiffs' complaint would have no practical effect, this case is moot, and we therefore affirm the order allowing summary judgment in defendants' favor. As we are affirming the trial court's order on the grounds of mootness, we need not address plaintiffs' remaining arguments on appeal.

AFFIRMED.

Judges ELMORE and STEELMAN concur.