GEER, Judge.
Plaintiffs Shoeheel Farms, Brian A. Maynor, and Bobby R. Maynor appeal from an order denying their motion for a preliminary injunction to enjoin defendant City of Laurinburg from filing a condemnation action. Because the City subsequently initiated condemnation proceedings against plaintiffs' property, we dismiss this appeal as moot.
Facts
In the summer of 2013, the City requested authorization from plaintiffs to drill test wells on plaintiffs' property to determine suitable locations for raw water wells to help provide water to a new industrial park being established within the city limits. The parties entered into a Memorandum of Understanding ("MOU") in which plaintiffs authorized the City to drill the test wells and agreed that should the tests reveal that the well locations were suitable, the parties "shall negotiate a mutually agreeable purchase price of the well site." However, the MOU also provided that it was "not a formal, binding Contract to Purchase between City and Owner[.]"
After the tests established that the well sites were suitable, the parties were unable to negotiate a mutually agreeable purchase price. On 18 December 2013, the City sent plaintiffs a Notice of Condemnation in order to acquire ownership of three well sites on plaintiffs' property for the "expansion and improvements to the City's water system."
Plaintiffs filed this action on 10 January 2014 seeking to enjoin the City from initiating the condemnation proceedings. The complaint alleged that pursuant to the MOU, plaintiffs agreed to allow testing in exchange for the City's promise not to condemn the property. Consequently, according to the complaint, the City was legally and/or equitably estopped from seeking to use the "quick take" process pursuant to Chapter 40A, Article 3 of the North Carolina General Statutes to acquire ownership of the well sites. Additionally, the complaint alleged that the water from the wells would be used by a privately-owned manufacturing facility, and therefore the condemnation did not serve a public purpose.
Plaintiffs' complaint sought a declaratory judgment declaring that the condemnation violated the North Carolina Constitution and sought a permanent injunction barring any condemnation proceeding. Plaintiffs also moved for a temporary restraining order and preliminary injunction to prevent the City from filing a condemnation proceeding and to prevent title and right of possession from vesting in the City upon the filing of the condemnation complaint.
Following a hearing on 24 February 2014 on plaintiffs' motion for temporary restraining order and preliminary injunction, the trial court entered an order on 27 March 2014 in which it concluded that "[t]he City's exercise of its powers of eminent domain in this case is for a public benefit and purpose and not a private benefit and purpose" and that the MOU "is an unenforceable 'agreement to agree' and would not prohibit the City from exercising its powers of eminent domain." Ultimately, the trial court concluded that "[t]he Plaintiffs have failed to demonstrate that they are likely to succeed on the merits of their claims, nor have they shown a likelihood of irreparable harm." The court, therefore, denied plaintiffs' motion for a preliminary injunction. Plaintiffs appealed the denial to this Court.
Discussion
We first address defendant's motion to dismiss this appeal on the grounds that the issues raised by the appeal are moot. It is well established that " '[a] case is considered moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy.' " Citizens Addressing Reassignment & Educ., Inc. v. Wake Cnty. Bd. of Educ.,182 N.C.App. 241, 246, 641 S.E.2d 824, 827 (2007) (quoting Lange v. Lange,357 N.C. 645, 647, 588 S.E.2d 877, 879 (2003) ). Generally, " '[c]ourts will not entertain such cases because it is not the responsibility of courts to decide abstract propositions of law.' " Id.(quoting Lange,357 N.C. at 647, 588 S.E.2d at 879 ).
The sole relief sought by plaintiffs in their motion for a preliminary injunction was to prevent the City from initiating a civil suit to condemn plaintiffs' property pursuant to the procedures set forth in Chapter 40A, Article 3 of the North Carolina General Statutes. "Generally, a preliminary injunction will be issued only where: (1) the plaintiff is able to show a likelihood of success on the merits of the case and (2) the plaintiff is likely to sustain irreparable harm, or, in the opinion of the court, the injunction is necessary to protect the plaintiff's rights during the course of litigation." Stout v. City of Durham,121 N.C.App. 716, 717, 468 S.E.2d 254, 256 (1996).
In this case, plaintiffs needed to show that they were likely to succeed on their claim that the City did not have authority to exercise its power of eminent domain. The trial court determined, however, that plaintiffs failed to meet this burden because, contrary to plaintiffs' allegations, the City's exercise of its powers of eminent domain against plaintiffs would be for a public benefit and purpose and that the MOU was unenforceable. Plaintiffs did not take any action in either the trial court or this Court to preserve the status quo pending the appeal.
Consequently, the City filed a complaint initiating condemnation proceedings against plaintiffs in a separate action. It is well established that a " 'court cannot restrain the doing of that which has already been consummated.' " Goad v. Chase Home Fin., LLC,208 N.C.App. 259, 264, 704 S.E.2d 1, 4 (2010) (quoting Fulton v. City of Morganton,260 N.C. 345, 347, 132 S.E.2d 687, 688 (1963) ). Here, the question whether plaintiffs are entitled to a preliminary injunction to prevent the City from initiating condemnation proceedings is moot because the action that plaintiffs sought to enjoin-the filing of a condemnation complaint-has already occurred. We, therefore, dismiss this appeal as moot. See DuBose v. Gastonia Mut. Sav. & Loan Ass'n,55 N.C.App. 574, 580, 286 S.E.2d 617, 621 (1982) (appeal of order denying motion for preliminary injunction to enjoin foreclosure rendered moot where foreclosure sale had been completed and sale confirmed, and plaintiffs had not obtained stay of execution, temporary stay, or writ of supersedeas).
DISMISSED.
Judges ELMORE and INMAN concur.
Report per Rule 30(e).
Opinion
Appeal by plaintiffs from order entered 27 March 2014 by Judge Richard T. Brown in Scotland County Superior Court. Heard in the Court of Appeals 4 March 2015.