IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-1109

Filed 6 August 2024

Buncombe County, No. 19CVS5006

MR ENTERTAINMENT, LLC d/b/a OFF THE WAGON DUELING PIANO BAR, JESS T. MILLS, IV and BENJAMIN O. REESE, Petitioners,

v.

THE CITY OF ASHEVILLE AND THE CITY OF ASHEVILLE BOARD OF ADJUSTMENT, Respondents.

Appeal by respondents from judgment entered 3 August 2023 by Judge Jacquline D. Grant in Buncombe County Superior Court. Heard in the Court of Appeals 11 June 2024.

*Ferikes Bleynat & Cannon, PLLC, by Edward L. Bleynat, Jr., for the petitioner-appellants.*

*City Attorney's Office, by Sr. Assistant City Attorney Eric P. Edgerton, for the defendant-appellees.*

TYSON, Judge.

MR Entertainment, LLC d/b/a Off the Wagon Dueling Piano Bar, Jess T. Mills, IV, and Benjamin O. Reese ("Petitioners") appeal from an order, which affirmed a decision of the City of Asheville Board of Adjustment ("the Board") and denied their motions. This case was consolidated by order with *City of Asheville v. MR Entertainment*, COA 23-1110. We vacate and remand.

## I.    Background

Shannon Morgan, a City Code Enforcement Officer, issued a Sign Violation Notice to Petitioners on 17 September 2014. Petitioners were served with the Notice of Violation on both the 23 and 24 of September 2014. The notice asserted Petitioners were in violation of City of Asheville Code of Ordinances Section 7-13-3(3). Section 7-13-3(3) reads, "Sign or advertisements placed on vehicles or trailers that are *parked or located for the primary purpose of displaying said sign* are prohibited." The City of Asheville UDO § 7-13-3(3) (emphasis supplied). Three photos were attached to the notice, taken less than an hour apart of Petitioners' vehicle, with sign in the bed, parked behind their business. Under the notice, Petitioners had either twenty-four hours to correct and abate the violation *or* thirty days to appeal. Failure to comply results in "a civil penalty of one hundred dollars . . . per day for the number of days the violation[] continues."

Under the notice, the violation may only be considered corrected if Petitioners "notif[y] the Code Enforcement Official . . . and the site is inspected and determined to be in compliance by the Code Enforcement staff." On 25 September 2014, Petitioner Reese engaged in an email exchange with Officer Morgan. Petitioner Reese requested further information about appealing the notice, but additionally indicated any violation concerning Petitioners' vehicle parked behind their business had been corrected and abated the same day as the vehicle had only been parked at the site that afternoon. Petitioners did not appeal the notice within thirty days. No follow-up inspection was performed by Code Enforcement staff. The Board found: "no

inspection was ever performed, and no determination was issued by the City that the [Petitioners] had corrected the conditions giving rise to the" notice.

Two and a half years later, on 17 January 2017, Harry Gillis, another City Code Enforcement Officer, issued a citation purportedly based on the original notice, alleging the continuous violation of Section 7-13-3(3) since 17 September 2014. Following the citation, Petitioner Reese sent multiple letters to Officer Gillis informing him the truck had been promptly moved back in 2014, and asserted Petitioners were not in violation of Section 7-13-3(3) for a variety of reasons.

A letter from Robin Curry, then City Attorney, purportedly clarified the situation by alleging the "continuous violation" was due to Petitioners driving the truck containing the sign "throughout Asheville for the purpose of displaying the [s]ign" rather than for the singular parking incident, as documented in the 17 September 2014 notice.

On 22 August 2018, the City of Asheville ("the City") filed a complaint against Petitioners seeking injunctive relief to enjoin further use of the truck with the sign and the collection of civil penalties purportedly amounting to $57,500 from September 2014, with fines continuing to accrue at one-hundred dollars per day ("the Enforcement Action").

On 12 April 2019, Petitioners initiated an appeal, separate from the Enforcement Action, of the 2014 notice to the City of Asheville Board of Adjustment. The Board dismissed Petitioners' appeal on 28 October 2019 for lack of subject matter

jurisdiction, citing Petitioners' failure to appeal the 2014 notice within the prescribed thirty-day period from issuance. Petitioners appealed the Board's dismissal through a Writ of *Certiorari* to the Buncombe County Superior Court, wherein it was joined with the City's Enforcement Action.

Petitioners filed a Motion to Dismiss for lack of subject matter jurisdiction and a Motion for Summary Judgment in the Enforcement Action. The City filed a Rule 12(c) Motion for Judgment on the Pleadings and Motion to Strike the Affidavit of Benjamin Reese. The trial court granted both of the City's motions and denied both of Petitioners' motions. Concerning Petitioners' appeal of the Notice of the Violation, the trial court affirmed the Board's dismissal for lack of subject matter jurisdiction. Petitioner appealed the Enforcement Action and the dismissal separately.

## II. Jurisdiction

Jurisdiction lies with this Court pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2023).

## III. Issues

Petitioners argue the trial court erred in affirming the Board's dismissal for subject matter jurisdiction as: (1) the trial court misapplied the *de novo* standard of review; and, (2) enforcement of the notice as-applied would violate Petitioners' due process rights.

### A. Standard of Review

When reviewing a superior court's order regarding a zoning board of

adjustment's decision, this Court is tasked with "(1) determining whether the trial court exercised the appropriate scope of review and, if appropriate, (2) deciding whether the court did so properly." *Harding v. Bd. of Adjustment of Davie Cnty.*, 170 N.C. App. 392, 395, 612 S.E.2d 431, 434 (2005) ) (citations omitted). When reviewing whether a superior court's order regarding "a zoning board of adjustment's decision [was proper], [t]he scope of our review is the same as that of the trial court." *Id.*

The proper standard of review "depends upon the particular issues presented on appeal." *Mann Media, Inc. v. Randolph Cnty. Planning Bd.,* 356 N.C. 1, 13, 565 S.E.2d 9, 17 (2002). Where the petitioner has alleged "the [b]oard's decision was based on an error of law, *de novo* review is proper." *Id.* "Under *de novo* review a reviewing court considers the case anew and may freely substitute its own interpretation of an ordinance for a board of adjustment's conclusions of law." *Morris Commc'ns Corp. v. City of Bessemer City Zoning Bd. of Adjustment*, 365 N.C. 152, 156, 712 S.E.2d 868, 871 (2011).

## B. Analysis

The City issued the 2014 Notice of Violation pursuant to the City of Asheville UDO § 7-18-3, which specifies "[t]he notice of violation shall include an opportunity to cure the violation within a prescribed period of time." The 2014 Notice of Violation facially complied with this requirement, providing Petitioners the opportunity to *either* cure the violation "within twenty-four (24) hours *or* file an appeal to the board of adjustment within thirty (30) days." (emphasis supplied). However, the notice

continues, stating the violation can only be considered cured when Petitioners had notified the Code Enforcement Official and a subsequent inspection had determined the site to be in compliance.

"[W]ords should be given their natural and ordinary meaning[.]" *Grassy Creek Neighborhood All. v. City of Winston-Salem*, 142 N.C. App. 290, 297, 542 S.E.2d 296, 301 (2001) (citation omitted). "In its elementary sense the word 'or' . . . is a disjunctive particle indicating that the various members of the sentence are to be taken separately . . . ." *Id.* Concerning the 2014 notice, the applicability of the two clauses "is not limited to cases falling within both clauses, but will apply to cases falling within either of them." *Id.* at 296, 542 S.E.2d at 300.

Petitioners do not allege the notice was appealed within the requisite thirty days prescribed in the notice, as required by N.C. Gen. Stat. § 160D-405(d) (2023). However, the ordinance specifically allows Petitioners "the opportunity" to cure and abate the violation within the twenty-four-hour period specified in the notice and to render the 2014 notice moot. The City of Asheville UDO § 7-18-3.

North Carolina courts decline to answer moot questions as an exercise of judicial restraint." *In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978). Under the traditional analysis, "[a] case is considered moot when 'a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy.' Typically, '[c]ourts will not entertain such cases because it is not the responsibility of courts to decide abstract propositions of law.'" *Citizens*

*Addressing Reassignment & Educ., Inc. v. Wake Cty. Bd. of Educ.*, 182 N.C. App. 241, 246, 641 S.E.2d 824, 827 (2007) (citations omitted). Due to the disjunctive language within the ordinance and notice and the statutory requirement that Petitioners be afforded an "opportunity to cure the violation," Petitioners had *either* the option to appeal the notice *or* to cure and abate the violation. If Petitioners cured the violation within the twenty-four-hour period prescribed in the notice, any lingering question over the validity of the 2014 Notice of Violation is moot. The City of Asheville UDO § 7-18-3.

### 1. *The Violation*

To determine whether Petitioners cured the violation requires consideration of the specifics of the violation alleged within the notice and the ordinance Petitioners allegedly violated, the City of Asheville UDO § 7-13-3(3). The notice states, "[t]he nature of the violation is the use of a vehicle for the primary purpose of displaying off-premise signage . . . ." Further, Section 7-13-3(3) reads, "Signs or advertisements placed on vehicles or trailers that are parked or located for the primary purpose of displaying said sign are prohibited." The City of Asheville UDO § 7-13-3(3).

Petitioners and the City disagree about the nature of the violation cited within the notice. The City argues Petitioners violated section 7-13-3(3) by continuously driving the truck identified in the notice within city limits for over two years after the cited violation. Petitioners argue the violation cited the specific instance of their truck being parked behind their business. We agree with Petitioners.

"The general rule is that a zoning ordinance, being in derogation of common law property rights, should be construed in favor of the free use of property." *Innovative 55, LLC v. Robeson Cty.*, 253 N.C. App. 714, 720, 801 S.E.2d 671, 676 (2017) (citations omitted). Further, "words should be given their natural and ordinary meaning, and need not be interpreted when they speak for themselves." *Grassy Creek*, 142 N.C. App. at 297, 542 S.E.2d at 301 (citations omitted).

The City contends the inherently mobile nature of a vehicle expands the scope of Section 7-13-3(3) to include the vehicle's operation throughout the city, not only in a singular location at a specified time. However, the plain language of Section 7-13-3(3) states it does not apply to every vehicle in "operation throughout the city" but only to those "that are *parked or located* for the primary purpose of displaying [advertisements]." The City of Asheville UDO § 7-13-3(3) (emphasis supplied).

North Carolina courts have long distinguished such language from the general acts of driving. *See, e.g., Morris v. Jenrette Transp. Co.*, 235 N.C. 568, 575, 70 S.E.2d 845, 850 (1952) ("'park' or 'leave standing' . . . mean[] 'something more than a mere temporary or momentary stop on the road for a necessary purpose.'"). The plain language of UDO Section 7-13-3(3), "narrowly" or "strictly" "construed in favor of the free use of property", precludes an interpretation of the specific violation alleged within the notice as being Petitioners driving the identified truck in "operation throughout the city" in 2014 and for two and a half years thereafter. *Innovative 55, LLC*, 253 N.C. App. at 720, 801 S.E.2d at 676.

In addition to the statutory language of the ordinance, there are several other indications to support an interpretation of the 2014 notice as alleging a violation only in the singular instance and place, as was documented within the notice: (1) attached to the notice were three photos taken less than an hour apart of Petitioners' vehicle, with sign attached, and all three photos were of a singular instance of Petitioners' vehicle being parked behind their business at a specified date and time; (2) no other evidence or documentation of separate instances were included within the notice; and, (3) the notice explicitly requires a site inspection to abate and cure. The notice's requirement of a site inspection further supports an inference the notice specifies a violation at a singular location at a specific time.

Based upon the ordinance's plain language and the evidence contained within the notice, along with the legal principles of construction favoring free property rights, we conclude the violation specified within the notice to be the specific instance of Petitioners' truck being parked behind their business at a specific time and date in 2014. *Id.*

## 2. The Cure

Under the notice, Petitioners had twenty-four hours to cure the violation. Further, the violation alleged within the notice could only be "considered corrected . . . when [Petitioners] ha[d] notified the Code Enforcement Official . . . and the site [was] inspected and determined to be in compliance[.]"

Petitioners confirmed to the code official the vehicle was moved the same

afternoon long before they actually received notice, as the vehicle was only parked behind their business for a limited time. Upon receiving the notice, Petitioner Reese promptly emailed Shannon Morgan, the City Code Enforcement Officer who had issued the Sign Violation Notice to Petitioners. Petitioner Reese requested further information regarding appealing the notice, but additionally and specifically asserted any purported violation concerning Petitioners' vehicle being parked behind their business had been corrected, as the vehicle had only been parked behind their business on that date and was moved. Petitioners' email to Officer Morgan satisfies the requirement for Petitioners to notify the Code Enforcement Official of their abatement of the violation. Petitioners' further requests for information or other documents regarding the alternative right of appealing the notice is immaterial.

Upon receiving notice of the abatement from Petitioners, the 2014 Notice of Violation additionally requires "the site [be] inspected and determined to be in compliance" by a Code Enforcement Officer. Despite Petitioners notifying Officer Morgan the vehicle was no longer at the site, the record does not show Officer Morgan performed a site inspection or made a determination regarding whether the violation had been abated. The City's own failure to re-inspect the site cannot defeat Petitioner's timely notice of cure. The Board specifically found "no inspection was ever performed" after Reece's email to Morgan.

### 3. *The City's Burden*

The City carries the burden of proving the existence of a violation of a local

zoning ordinance. *City of Winston-Salem v. Hoots Concrete Co.*, 47 N.C. App. 405, 414, 267 S.E.2d 569, 575 (1980). The uncontested evidence shows Petitioners moved their vehicle the same day the initial photographs contained in the notice were taken, and they had removed their vehicle before they had received the 2014 notice. Petitioners timely notified the City of their removal and abatement. Under these circumstances, the burden of proving Petitioner's continued violation of the local zoning ordinance remains upon the City. *See id.* For the 2014 notice to support any further action, the City was required to show evidence of and prove the continuing specified violation past Petitioners' notice of removal and abatement. *Id.*

Under the City of Asheville UDO § 7-18-3, the City is also required to provide an opportunity for Petitioners to cure their violation: "[t]he notice of violation *shall include an opportunity to cure the violation* within a prescribed period of time." The City of Asheville UDO § 7-18-3 (emphasis supplied). No evidence tends to show Petitioners' vehicle remained in violation after the initial photographs contained in the specified notice were taken. The record shows Petitioners promptly removed the vehicle and notified the City of their abatement. The only remaining step was for the City to re-inspect the site and confirm the abatement. The Board found as fact the City had failed to re-inspect the site. In light of our holding, we need not reach Petitioners' remaining arguments.

## IV. Conclusion

The trial court erred in affirming the Asheville Board of Adjustment's order dismissing Petitioners' claim, granting the City's motion for judgment on the pleadings, and denying Petitioners' motions. The City's action was rendered moot by Petitioners' notice and abatement as a means to cure the violation under the ordinance. *Id.* We vacate and remand for dismissal. *It is so ordered.*

VACATED AND REMANDED.

Judges ZACHARY and GRIFFIN concur.