ELMORE, Judge.
 

 *133
 
 Defendant Deshawn Lamar Perry appeals judgments entered after a jury convicted him of misdemeanor resisting a public officer and of felonious common law robbery, he later pled guilty to attaining habitual felon status, and the trial court sentenced him for common law robbery as an habitual felon. He asserts the trial court erred by denying his motion to recuse the entire Henderson County District Attorney's ("HCDA") Office from prosecuting the charges against him because one of the State's attorneys, Henderson County Assistant District Attorney Michael Bender ("ADA Bender"), previously represented him in one of the felonies underlying the habitual felon charge, and because the State later violated the trial court's express condition that ADA Bender not participate in the prosecution.
 

 Because defendant failed to demonstrate an actual conflict of interest existed in ADA Bender participating in the prosecution of the unrelated charges for resisting a public officer and common law robbery, the trial court did not abuse its discretion in denying the disqualification motion as to those particular charges. Although ADA Bender previously represented defendant in one of the predicate felonies underlying the habitual felon
 
 *619
 
 charge and briefly participated in the prosecution at the first phase of trial in contradiction to the State's assurances, because the trial court's initial denial was unconditional and defendant never obtained a ruling on his third disqualification motion at the start of the habitual felon phase of trial in light of his decision to unconditionally plead guilty to the habitual offender charge, the trial court did not abuse its discretion in denying the disqualification motion as to that charge. Accordingly, we hold there was no error below.
 

 I. Background
 

 On 2 November 2015, defendant was indicted for injury to personal property in file no. 15 CRS 53958, resisting a public officer and giving false information to police in file no. 15 CRS 53959, and common law robbery in file no. 15 CRS 53960, arising from an incident that occurred 6 October 2015. On 4 January 2016, defendant was indicted for attaining habitual felon status in file no. 16 CRS 25, based upon unrelated prior convictions for (1) attempted common law robbery on 13 May 2011,
 
 *134
 
 (2) possession with intent to sell or distribute a Schedule II controlled substance on 18 November 2011, and (3) common law robbery on 20 March 2013.
 

 At a pretrial hearing on 11 January 2017, defendant moved for recusal of the entire HCDA's Office from prosecuting the charges against him. He argued that one of the State's two prosecutors, ADA Bender, had previously represented him in one of the three felonies underlying the habitual felon charge. The State's other prosecutor, Henderson County Assistant District Attorney Doug Mundy ("ADA Mundy"), replied he perceived no conflict of interest because ADA "Bender [did] not intend to sit in prosecution of that case"; rather, ADA Mundy was "going to be prosecuting that case." After an unrecorded bench conference, the trial court "den[ied] the motion at th[at] time" and noted ADA Mundy "has given assurances that [ADA] Bender will in no way be involved in this case."
 

 On 20 March 2017, at the start of trial on the charges of common law robbery, injury to personal property, resisting a public officer, and giving false information to police, defendant renewed his recusal motion "based on [ADA] Bender having represented [his] client in a previous matter which is an ancillary indictment." In response, the trial court "adopt[ed] it[ ]s previous ruling and order," thereby denying defendant's second recusal motion.
 

 During trial, ADA Mundy served as the primary prosecutor. However, the trial court introduced both ADAs Mundy and Bender to the jury as the State's attorneys, ADA Bender attended bench and chambers conferences, and ADA Bender argued to the trial court on issues concerning jury instructions. After the trial court dismissed the injury to personal property and giving false information to police charges, it instructed the jury on the charges of robbery and resisting a public officer. On 21 March 2017, the jury found defendant guilty of misdemeanor resisting a public officer and of felonious common law robbery.
 

 At the start of the habitual felon phase of trial, defendant's counsel indicated defendant "want[ed] to move forward with the hearing for that portion" and "renew[ed his] motion for recusal." He argued that "previously ..., we were told that [ADA] Bender was not going to participate in the trial" and "[e]ven though [ADA Bender] wasn't going to participate in the trial, there is an issue when an individual who represented him as a defense attorney is now seated at the prosecuting table, and my client is asking me 'why he is over there?' " After an unrecorded conference in chambers with both parties' attorneys, however, defendant never obtained a ruling on his third motion and instead pled guilty to attaining habitual felon status.
 

 *135
 
 Following these proceedings, on 21 March 2017 the trial court entered judgment on the resisting a public officer conviction, imposing a sentence of sixty days' imprisonment. The trial court also rendered judgment on the robbery and habitual felon convictions, imposing fifty-eight to eighty-two months' imprisonment. On 6 April 2017, however, the trial court entered a judgment resentencing defendant on the robbery conviction as an habitual felon, imposing a sentence of sixty-six to ninety-two months' imprisonment. Defendant
 
 *620
 
 filed written notice of appeal on 11 April 2017.
 

 II. Jurisdiction
 

 As an initial matter, defendant has petitioned this Court to issue a writ of
 
 certiorari
 
 to review the judgment entered on the misdemeanor resisting a public officer conviction. Although defendant's 11 April 2017 written notice of appeal was timely filed as to the 6 April judgment entered on the robbery and habitual offender convictions, it was untimely as to the 21 March judgment on the resisting a public officer conviction.
 
 See
 
 N.C. R. App. P. 4(a)(2) (requiring written notice of appeal be filed within fourteen days from entry of judgment). In its response, the State does not oppose the petition but acknowledges our discretion to issue a writ of
 
 certiorari
 
 when "the right to prosecute an appeal has been lost by failure to take timely action[.]"
 
 See
 
 N.C. R. App. P. 21(a)(1). Based on the arguments advanced in defendant's petition, in our discretion we allow his petition and issue a writ of
 
 certiorari
 
 to review both judgments.
 

 III. Analysis
 

 On appeal, defendant asserts the trial court erred by denying his motions to recuse the entire HCDA's Office from prosecuting the charges against him because ADA Bender previously represented him in one of the three felony convictions underlying the habitual felon charge. He argues the trial court (1) failed to properly inquire into whether ADA Bender divulged any confidential information to other prosecutors in the HCDA's Office regarding the case in which he previously represented defendant that formed part of the habitual felon charge; and (2) should have allowed his disqualification motion because the State violated the condition that ADA Bender not participate in the prosecution. We hold the trial court did not abuse its discretion in denying the motions.
 

 A. Review Standard
 

 We review a trial court's denial of a motion to compel recusal of a prosecutor or an entire district attorney's office, which is more accurately
 
 *136
 
 considered a motion to disqualify,
 
 see
 

 State v. Smith
 
 , --- N.C. App. ----, ----,
 
 813 S.E.2d 867
 
 , 869 (2018) ("Because the trial court's order compels the District Attorney's Office's recusal, we review the order as one disqualifying the District Attorney and his staff."), for abuse of discretion,
 
 see
 

 State v. Scanlon
 
 ,
 
 176 N.C. App. 410
 
 , 434,
 
 626 S.E.2d 770
 
 , 786 (2006) ("[A]bsent a showing of an abuse of discretion, a decision regarding whether to disqualify counsel 'is discretionary with the trial judge and is not generally reviewable on appeal.' " (citation omitted) ). "A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision."
 
 White v. White
 
 ,
 
 312 N.C. 770
 
 , 777,
 
 324 S.E.2d 829
 
 , 833 (1985).
 

 B. Discussion
 

 "Where disqualification is sought, the trial court must make inquiry as to whether the defendant's former counsel participated in the prosecution of the case or divulged any confidential information to other prosecutors."
 
 State v. Camacho
 
 ,
 
 329 N.C. 589
 
 , 601,
 
 406 S.E.2d 868
 
 , 875 (1991) (quoting
 
 Young v. State
 
 ,
 
 297 Md. 286
 
 , 297,
 
 465 A.2d 1149
 
 , 1155 (1983) ). "[A] prosecutor may not be disqualified from prosecuting a criminal action in this State unless and until the trial court determines that an actual conflict of interests exists."
 

 Id.
 

 An actual conflict of interest exists
 

 where a District Attorney or a member of his or her staff has previously represented the defendant
 
 with regard to the charges to be prosecuted
 
 and, as a result of that former attorney-client relationship, the prosecution has obtained confidential information which may be used to the defendant's detriment at trial.
 

 Id.
 

 (emphasis added);
 
 see also
 
 N.C. St. B. Rev. R. Prof'l Conduct r 1.11(d) ("[A] lawyer currently serving as a public officer or employee: (1) is subject to Rule[ ] ... 1.9; and (2) shall not: participate in a matter in which the lawyer participated personally and substantially while in private practice...."); N.C. St. B. Rev. R. Prof'l Conduct r. 1.9(a) ("A lawyer who has formerly represented a client in a matter shall not thereafter represent
 
 *621
 
 another person
 
 in the same or a substantially related matter
 
 in which that person's interests are materially adverse to the interests of the former client...." (emphasis added) ).
 

 Here, to support his first motion to recuse the entire HCDA's Office from the prosecution, defendant argued ADA Bender represented him "in a case which forms a part of the prosecution's indictment for habitual
 
 *137
 
 felon." To support his second recusal motion at the start of trial on the charges against him in 15 CRS 53958 of injury to personal property, in 15 CRS 53959 of resisting an officer and of providing false information to police, and in 15 CRS 53960 of common law robbery, defendant argued ADA Bender "represented [him] in a previous matter which is an ancillary indictment"-that is, the habitual felon charge. To support his third recusal motion at the start of trial on the habitual felon charge in 16 CRS 25, defendant argued that "previously ..., we were told that [ADA] Bender was not going to participate in the trial" and "[e]ven though [ADA Bender] wasn't going to participate in the trial, there is an issue when an individual who represented him as a defense attorney is now seated at the prosecuting table, and my client is asking me 'why he is over there?' "
 

 As ADA Bender did not previously represent defendant in the charges to be tried against him in 15 CRS 53958-60, defendant failed to show the actual conflict of interest required by
 
 Camacho
 
 to disqualify ADA Bender, much less the entire HCDA's Office, from prosecuting those charges.
 
 Cf.
 

 Worley v. Moore
 
 ,
 
 370 N.C. 358
 
 , 365, 368,
 
 807 S.E.2d 133
 
 , 139, 141 (2017) (instructing that the correct legal standard in assessing conflicts of interest under North Carolina State Bar Revised Professional Conduct Rule 1.9(a) "is whether, objectively speaking, 'a substantial risk' exists 'that the lawyer has information to use in the subsequent matter' "-not "the outmoded 'appearance of impropriety' test"). Without proof of an actual conflict of interest as to those charges, further inquiry or direction by the trial court was unnecessary. Accordingly, defendant has failed to show the trial court's denial of his disqualification motion as to the prosecution of these particular charges was "so arbitrary that it could not have been the result of a reasoned decision."
 
 White
 
 ,
 
 312 N.C. at 777
 
 ,
 
 324 S.E.2d at 833
 
 .
 

 As to the habitual felon charge in the second phase of trial, because the record indicates ADA Bender represented defendant in one of the predicate felony convictions,
 
 Camacho
 
 instructs the trial court should have inquired into whether ADA Bender divulged any confidential information to other prosecutors that could have been detrimental to defendant's trial on the habitual felon charge in order to find whether an actual conflict of interest existed.
 
 Id.
 
 at 601,
 
 406 S.E.2d at 875
 
 . Defendant at the start of the habitual felon proceeding initially indicated he intended to proceed with trial and moved for a third time to disqualify the HCDA's Office, this time on the additional basis that ADA Bender participated in the prosecution at the first phase of trial. However, following an immediate unrecorded chambers conference with both parties' attorneys,
 
 *138
 
 defendant never obtained a ruling on this third motion as it related to the habitual felon charge on these grounds,
 
 see
 
 N.C. R. App. P. 10(a)(1) ("It is also necessary for the complaining party to obtain a ruling upon the party's ... objection[ ] or motion."), and instead elected to forgo the trial and unconditionally plead guilty to attaining habitual felon status as charged.
 

 Even had the trial court conducted a formal hearing on defendant's motion and found an actual conflict of interest would exist if ADA Bender assisted in prosecuting the habitual felon charge, whether it was a disqualifying conflict was a matter within its sound discretion.
 
 Camacho
 
 instructs disqualifying the entire district attorney's office under these facts, as defendant requested, would have been impermissibly excessive.
 
 Id.
 
 at 601,
 
 406 S.E.2d at 875
 
 ("Even [if an actual conflict is found to exist], however, any order of disqualification ordinarily should be directed only to individual prosecutors who have been exposed to such information." (citation omitted) ). And given that ADA Bender's prior representation of defendant was wholly unrelated to the charges in the first phase of trial, the only rulings on the motions were obtained before the jury found defendant guilty of an underlying felony to which a habitual offender charge could attach, two unrecorded attorney conferences were held
 
 *622
 
 immediately following defendant's first and third disqualification motions before and at the start of the habitual offender proceeding, and defendant failed to argue on the record how an actual disqualifying conflict might exist when prior convictions necessary to prove habitual felon status are public records but, rather, appeared instead to argue "the outmoded 'appearance of impropriety' test[,]"
 
 Worley
 
 ,
 
 370 N.C. at 368
 
 ,
 
 807 S.E.2d at 141
 
 , we cannot conclude the trial court's decision not to disqualify ADA Bender from the prosecution at the time it rendered its rulings was "so arbitrary that it could not have been the result of a reasoned decision."
 
 White
 
 ,
 
 312 N.C. at 777
 
 ,
 
 324 S.E.2d at 833
 
 .
 

 Defendant also argues the trial court further erred by not allowing his disqualification motion after the State allegedly violated the condition that ADA Bender not participate in the prosecution. We respectfully disagree with defendant's interpretation. During its ruling on defendant's first recusal motion, which it adopted in its second ruling, the trial judge stated: "I'm going to deny the motion at this time. And the Prosecutor has given assurances that [ADA] Bender will in no way be involved in this case." Although the State concedes ADA Bender, in contradiction to that assurance, did participate in the prosecution, we do not interpret the trial court's denials as being conditioned upon
 
 *139
 
 ADA Bender not participating in the first phase of trial and, therefore, overrule this argument.
 

 IV. Conclusion
 

 Based upon the particular facts of this case, defendant has failed to show that the trial court's denial of his motions to disqualify the entire HCDA's Office from prosecuting the charges against him was "so arbitrary that it could not have been the result of a reasoned decision."
 
 White
 
 ,
 
 312 N.C. at 777
 
 ,
 
 324 S.E.2d at 833
 
 . Accordingly, we hold there was no error below.
 

 NO ERROR.
 

 Judges HUNTER, JR. and ZACHARY concur.