ALPINE MOTORS CORPORATION v. EFFIE MAE HAGWOOD ET AL.

(Filed 13 December, 1950.)

**1. Evidence § 2—**

   The courts will take judicial knowledge as to the appointment and terms of a special judge of the Superior Court and the public records later made by him or at his instance.

**2. Judges § 2b—**

   A special judge who has been retired under the provisions of G.S. 7-51 on the ground of total disability is not an emergency judge. The provision of G.S. 7-50 that persons embraced within the provisions of G.S. 7-51 are constituted emergency judges is neither appropriate nor applicable to a judge who retires for total disability under the 1937 Amendment to G.S. 7-51.

**3. Judgments § 27b—**

   Where a hearing is *coram non judice* because the person holding the term of court is not a qualified judge, the proceeding is a nullity and the judgment will be vacated and the case restored to the docket.

**4. Appeal and Error § 37—**

   Where it is manifest from the public records of which the Supreme Court will take judicial knowledge that the person holding the term of court at which the judgment appealed from was rendered was not a qualified judge, the Supreme Court will vacate the judgment *ex mero motu*. Whether the parties themselves could have interposed any valid objection to the proceeding as being less than *de facto*, not presented or decided.

APPEAL by plaintiff from *Honorable Luther Hamilton*, May Term, 1950, of NEW HANOVER.

Civil action to enforce terms of conditional-sale contract, or title-retained lien, executed at time of sale of 1948 Pontiac Sedan-Coupe auto-

mobile, wherein the ancillary remedy of claim and delivery was invoked by plaintiff.

The case was heard at the May Term, 1950, New Hanover Superior Court, before Honorable Luther Hamilton, without a jury, all parties agreeing that he should find the facts and determine the rights of the parties arising thereunder or thereon.

From the facts found, judgment was entered dismissing the action and taxing the plaintiff with the costs. Plaintiff appeals, assigning errors.

*J. Q. LeGrand and Carr & Swails for plaintiff, appellant.*

*Thomas W. Davis and Kellum & Humphrey for defendants, appellees.*

STACY, C. J. At the threshold of the case, we are met with the fact that the May Term, 1950, New Hanover Superior Court, was presided over by Honorable Luther Hamilton, at one time a Special Judge of the Superior Court of the State serving under appointments by the Governor.

From the public records, of which we take judicial notice, it appears that Judge Hamilton's last term of two years as such special judge expired 30 June, 1949. At that time he did not have sufficient age and length of service on the Bench, without more, to retire and assume the status of an Emergency Judge under the Retirement Act of 1921, as amended, G.S. 7-51. He did have sufficient service, however, to retire under the clause which reads: "Every . . . regular or special judge of the Superior Court who, without regard to the age of such judge . . . having served one full term of six years on . . . the . . . Superior Court, and while still in active service thereon, shall have become totally disabled through accident or disease to carry on the duties of said office . . . who retires at the end of his term, shall receive for life two-thirds (⅔) of the annual salary," etc.; provided he were able to meet the other requirements of this provision of the statute.

On 22 June, 1949, Judge Hamilton made application for retirement under the Act, writing the Governor that he had hoped "for reasons assigned in our conference of about six weeks ago I might be permitted to withhold this submission until after a hoped-for reappointment, however temporary that might have been. For obvious reasons the matter now cannot be longer delayed, and I will thank you to have it given proper consideration as promptly as practicable."

Supporting his claim, and enclosed with his letter, were certificates of four physicians touching his physical condition or state of health.

His application was granted on 12 July, 1949, the Governor finding as a fact, *inter alia,* on the evidence submitted, that ". . . (2) Since Judge Hamilton's appointment on the 1st day of July, 1937, and while still in active service as a Special Superior Court Judge, he has served

more than six years as such; and while still in active service in such capacity, he has become totally disabled through disease, to wit, a heart disease, to carry on the duties of his office"; whereupon it was ordered that his name be placed on the retirement list, with pay, under authority of G.S. 7-51.

Assuming Judge Hamilton's status to be that of an Emergency Judge since his retirement he has been assigned to hold three terms of two weeks each and six terms of one week each of the Superior Court in various counties of the State under commissions issued by the Governor. This would seem to manifest beyond all peradventure that his total disability to carry on the duties of such office has disappeared or is no longer existent. It follows, therefore, that one of the essential elements of his claim to retirement under the Act, namely, total disability through accident or disease to carry on the duties of said office, has likewise disappeared or has been removed. The main prop upon which he would stand is gone. It is noteworthy, perhaps, that Judge Hamilton himself, so far as the record discloses, nowhere says specifically or in so many words that "while still in active service" on the Superior Court bench, he became "totally disabled through accident or disease to carry on the duties of said office." His application for retirement simply says, "I hereby give notice of my retirement as Superior Court Judge under the provisions of G.S. 7-51." It is true his application was accompanied by supporting certificates of four physicians upon which the Governor made his findings and based his order of retirement, but so far as Judge Hamilton is concerned he leaves the conclusion of total disability to others. His willingness to hold the courts and requests that he be assigned to hold them give some indication of his thought on the subject and how he feels about it.

Indeed, it would appear to be a contradiction in terms to say that one is totally disabled to do a thing, and yet he may do it. We are presently concerned more with actuality or fact than with theory. A public statute of policy-making import is involved, and not a private convention between contracting parties which may be subject to different rules of construction or indulgencies. The law contemplates a judge on the bench competent to act, and not one totally disabled through accident or disease to carry on the duties of his office. Conjure with this as we may, there is no way to reconcile these opposing positions either in law or in logic. They are irreconcilable. Having taken one horn of the dilemma he may not now shift to the other. Measured by his own public record and conduct, that which would qualify him for retirement under the Act, no longer exists. His actions demonstrate or make manifest his disqualification to hold the office of Emergency Judge under the Retirement Act. The basis of his retirement was total disability to carry on the duties

of the office. He now says he is able to hold the courts, as witness the twelve weeks already held, and no term of court hardly could be regarded as trifling, insignificant, or inconsequential, either in law or in fact. Hence, his present position, which may be the same that he has taken all along, would seem to be at variance or incompatible with his retirement under the Act. When public business loses its community value it should be abandoned. Certainly a term of the Superior Court is important to the community and a matter of serious public concern. It has been said by a student of the subject, "The office of Superior Court Judge is the most important office in the State." It is without doubt one of the most powerful. We would not minimize or depreciate its worth or underestimate its value. The conclusion seems inescapable or irresistible that the hearing of the instant case at the May Term, 1950, New Hanover Superior Court, was *coram non judice.*

True, it is provided by G.S. 7-50 that "persons embraced within the provisions of G.S. 7-51 are hereby constituted emergency judges of the superior court," etc. This provision, however, was a part of the original Retirement Act of 1921, and is neither appropriate nor applicable to the judges who retire under the later amendment of 1937 on the ground of total disability to carry on the duties of the office. If the General Assembly intended to give these the status of Emergency Judges it would seem that it could be only on an honorary basis, for one totally disabled to carry on the duties of the office would hardly be assigned to hold the Superior Courts.

We do not reach the question whether the parties themselves could have interposed any valid objection to the proceeding as being less than *de facto, Chemical Co. v. Turner,* 190 N.C. 471, 130 S.E. 154; nor are we presently concerned with a total disability clause in a policy of health and accident insurance. *Thigpen v. Insurance Co.,* 204 N.C. 551, 168 S.E. 845, 149 A.L.R. 95 (court-crier case); *Medlin v. Insurance Co.,* 220 N.C. 334, 17 S.E. 2d 463; *Ireland v. Insurance Co.,* 226 N.C. 349, 38 S.E. 2d 206. We are simply taking cognizance or judicial notice of the public records made by Judge Hamilton, or at his instance, and of his later supposedly official conduct and activities. The statute is clear as to who may assume the status of an Emergency Judge and who may retire beneficially thereunder on the ground of total disability incurred while in office. The emergency judgeship is an office of reward for services rendered and to be rendered. It is something earned, not imposed or granted. Its occupant is in truth and in fact a judge emeritus. Judge Hamilton is not an Emergency Judge within the purview of the Retirement Act. His commission to hold the May Term, 1950, New Hanover Superior Court, was improvidently issued.

The judgment will be vacated and the cause restored to the docket for trial.

Judgment vacated; case restored to docket.