IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-1000

Filed 19 March 2024

Mecklenburg County, No. 18CVD23402

AL HUDSON, Plaintiff,

v.

ANSLE HUDSON, Defendant.

Appeal by defendant from order entered 7 July 2022 by Judge Tracy H. Hewett

in District Court, Mecklenburg County.  Heard in the Court of Appeals 8 August 2023.

*Sodoma Law, by Amy E. Simpson, for plaintiff-appellee.*

*Marcellino & Tyson, PLLC, by Danielle J. Walle and Matthew T. Marcellino, for defendant-appellant.*

STROUD, Judge.

Defendant appeals from a child support and alimony order.  Because the trial

judge had previously recused before entering the order, we reverse and remand.

## I.    Procedural Background

Because the determinative issue on appeal is based upon the trial judge's lack

of authority to enter the order after her recusal from the case, we need not thoroughly

address the factual background of this case.  In brief summary, plaintiff-father and

defendant-mother were married and had three children.  They later separated and

divorced.  In August 2019, Judge Tracy H. Hewett entered an order for post-

separation support and temporary child support.

In September 2021, Judge Hewett heard Mother's claims for alimony and permanent child support. In November 2021, Judge Hewett emailed counsel a general summary of her ruling and directed Father's counsel to draft the order. Before the ruling from the September 2021 hearing was written and signed by Judge Hewett, Judge Hewett entered an Order of Recusal on or about 7 March 2022. The Order of Recusal stated that Judge Hewett recused herself from all future hearings "not based on any parts of the Judicial Code of Conduct" but because Father commented "the court was biased toward defendant/mother and/or prejudiced against plaintiff/father" and as such recusal was appropriate "[b]ased on the perception articulated and the years long history of these parties appearing before this judge, and believing that in order to promote justice all parties must feel heard." Thereafter, on 7 July 2022, Judge Hewett entered a Permanent Child Support and Alimony Order. Mother appeals.

## II. Recusal

Mother contends "[t]he trial judge erred by continuing to preside over this matter following her recusal" and "[t]he trial judge lacked authority to enter orders following her recusal without following the requisite procedures to continue presiding over this matter."

> Black's Law Dictionary defines *recusal* as "removal of oneself as judge or policy-maker in a particular matter, esp. because of a conflict of interest." *Disqualification* is defined

as "something that incapacitates, disables, or makes one ineligible; esp., a bias or conflict of interest that prevents a judge or juror from impartially hearing a case, or that prevents a lawyer from representing a party."

*State v. Smith*, 258 N.C. App. 682, 686, n. 2, 813 S.E.2d 867, 869, n. 2 (2018) (emphasis in original) (citations and brackets omitted). Both parties heavily rely on the Code of Judicial Conduct, but their arguments speak more to when a judge should recuse, not the authority of a judge after an order for recusal has been entered. The recusal order was not appealed, and we express no opinion on whether Judge Hewett was in fact required to recuse. The order of recusal is the law of the case.

Father, citing unpublished caselaw, contends a partial recusal is appropriate and left Judge Hewett with authority to enter the Permanent Child Support and Alimony Order since she had previously heard the evidence and, by email, rendered a general ruling. *See State ex rel. Moore Cnty. Bd. of Educ. v. Pelletier*, 168 N.C. App. 218, 222, 606 S.E.2d 907, 909 (2005) ("Citation to unpublished authority is expressly disfavored by our appellate rules but permitted if a party, in pertinent part, believes there is no published opinion that would serve as well as the unpublished opinion. N.C. R. App. 30(e)(3) (2004). . . . [W]e reiterate that citation to unpublished opinions is intended solely in those instances where the persuasive value of a case is manifestly superior to any published opinion." (quotation marks and ellipses omitted)). In *Zurosky v. Shaffer*, No. COA14-954, 242 N.C. App. 523, 776 S.E.2d 897 (2015) (unpublished), Father's cited case, this Court noted that at times a partial recusal

may be appropriate, but not in circumstances

> where the trial judge recused herself on the issue of attorney's fees due to her spouse's interest as a partner of the firm seeking recovery of the fees, the underlying motions for which attorney's fees are sought are amply intertwined with the claims for attorney's fees so that recusal from both issues is proper.

*Id.*, slip op. at 10. Father argues because there are no "intertwined" issues, partial recusal is appropriate. We disagree.

Indeed, even if we found Father's argument persuasive, *Zurosky* is still inapposite to this case. In *Zurosky*, attorney's fees were the very issue upon which the trial judge could have been perceived as biased, but here we are bound by Judge Hewett's own order of recusal. *See id.* The recusal order was not limited to particular issues but to "future hearings that involve either or both above-named parties" because Father commented "the court was biased toward defendant/mother and/or prejudiced against plaintiff/father" and as such recusal was appropriate "[b]ased on the perception articulated and the years long history of these parties appearing before this judge, and believing that in order to promote justice all parties must feel heard."

Although the recusal order referred to "future hearings," the order from the 8 and 9 September 2021 hearing had not yet been entered. An order is not effective until it is written, signed, and filed. *See McKinney v. Duncan,* 256 N.C. App. 717, 719-20, 808 S.E.2d 509, 511-12 (2017) ("A judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court. This Court has

- 4 -

previously held that Rule 58 applies to orders, as well as judgments, such that an order is likewise entered when it is reduced to writing, signed by the judge, and filed with the clerk of court." (citations and quotation marks omitted)).   The recusal order did not limit its application only to any newly filed motions or issues arising after entry of the recusal order, and given the stated reason for the recusal order, the purpose of the recusal order would not be served by a limited or partial recusal. Father claimed Judge Hewett was biased against him and that based on the "years long history of these parties appearing before this judge" the order was necessary to "promote justice" and allow "all parties [to] feel heard."  This reason for recusal is not limited to any particular issue or claim.  In addition, as Father is the party who requested the recusal, we find it disingenuous that he now contends he believes Judge Hewett should not be recused from entering the order on appeal, since he argues the order should be affirmed.

While we are not aware of any binding authority regarding a trial court's authority after recusal, nor does Mother cite to any, we do find persuasive the reasoning in the unpublished case of *Phillips v. Phillips*, No. COA09-1059, 206 N.C. App. 330, 698 S.E.2d 557 (2010) (unpublished):

> Once a trial judge has been disqualified or has recused herself, that judge may not enter an order or judgment in the case in which she was presiding. *See Motors Corp. v. Hagwood*, 233 N.C. 57, 58-61, 62 S.E.2d 518, 518-20 (1950) (explaining that a hearing conducted by a trial court who already had retired, but was attempting to serve as an emergency judge, was *coram non judice*, and

the judgment entered was vacated). *Accord Bolt v. Smith*, 594 So.2d 864, 864 (Fla. Dist. Ct. App. 1992) ("[O]nce a trial judge has recused himself, further orders of the recused judge are void and have no effect."); *Byrd v. Brown*, 613 S.W.2d, 695, 699-700 (Mo. Ct. App. 1981) (holding that the trial judge lacked "authority" over the case once the judge was disqualified and, therefore, the judge's subsequent orders were "void"). Therefore, in addition to the stay pending appeal, the trial judge's recusal also operated to divest her of authority to enter the subsequent order awarding attorneys' fees.

*Id.*, slip op. at 7-8 (alterations in original).

Recusal simply means "[r]emoval of oneself[.]" Black's Law Dictionary 1529 (11th ed. 2019). While we, as in *Zurosky,* "make no determination as to whether a partial recusal is appropriate in other cases or under different circumstances[,]" *Zurosky*, slip op. at 10, here, where the recusal order itself provides the recusal was based upon perceived bias against one party, Judge Hewett had no authority to enter the order on appeal after her recusal. As we conclude Judge Hewett did not have authority to enter the Permanent Child Support and Alimony Order, we vacate the order and remand to the trial court for further proceedings.

Our Supreme Court has previously stated that upon recusal of a district court judge, Rule 63 does not allow a "substituted judge" to "enter . . . [the recused judges] order as written" but instead must hold a new hearing. *See Lange v. Lange*, 357 N.C. 645, 648, 588 S.E.2d 877, 879-80 (2003). While the appeal in *Lange* was from the recusal order itself, the Supreme Court stated,

> If the Court of Appeals determines that Judge Christian

erred in entering his order recusing Judge Jones from the parties' case, the matter will be remanded to the trial court for further proceedings in accordance with Rule 63. In such circumstance, the newly assigned judge will have the discretion either to enter Judge Jones' order or to hold a new custody modification hearing.

However, if Judge Christian's recusal order is affirmed on appeal, Rule 63 has no application in that Judge Jones was properly recused before he retired. In such case, the newly assigned judge will have no discretion in how to proceed in that a new hearing will be held and a new order entered. Therefore, affirming Judge Christian's recusal order will have the effect of eliminating any discretion a judge may have to enter Judge Jones' custody modification order.

Our Supreme Court determined in *Lange* that Rule 63 would give a newly assigned judge discretion to enter the same order on behalf of the judge who heard the matter if this was based only on that judge's retirement, but if the recused judge was properly recused, Rule 63 would not allow the newly assigned judge the discretion to enter the same order on behalf of the recused judge. *See id.* Therefore, not only did Judge Hewett lack the authority to enter the order after her recusal, on remand the trial court must hold a new hearing.

We appreciate Judge Hewett's decision to recuse to "promote justice" and to allow "all parties [to] feel heard" even if recusal was not necessarily required under the Code of Judicial Conduct. The Code of Judicial Conduct is intended to be a minimum standard of behavior for judges so it is prudent for a judge to err on the side of caution. Certainly her intent was not to prolong the resolution of this case, and it is unfortunate that a new hearing is required. But considering the recusal

order and the requirements of Rule 63, we are constrained to vacate the order on appeal and to order a new hearing.

## III.    Conclusion

We vacate the Permanent Child Support and Alimony Order and remand this matter to the trial court for a new hearing and entry of a new order.

VACATED AND REMANDED.

Judges GRIFFIN and FLOOD concur.